IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| EDGARDO LUIS VERA-LOPEZ | * | |
|     Plaintiff | * | CIVIL NO. 25-1304 (   ) |
| | * | |
|     v. | * | ABOUT: |
| | * |     Due Process Clause, |
| COMMONWEALTH OF PUERTO RICO, | * |     Retaliation / Reprisal |
| represented by the Secretary of Justice's Department | * |     28 United States Code § 1367 |
| its agency FORENSIC SCIENCE BUREAU, | * |     Defamation (Libel & Slander) |
| represented by its Director Dr. MARIA CONTE, | * |     Arts. 1802 & 1803 Civil Code[1] |
| WANDA CANDELARIA-AROCHO, | * | |
| DR. BEATRIZ ZAYAS, | * | |
| John Doe and Richard Roe and their respective | * | |
| insurance companies | * | JURY TRIAL REQUESTED |
|     Defendants | * | |
| ****************************************** | | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

    Comes plaintiff, through the undersigned attorney, and very respectfully states, alleges and prays:

**I.    JURISDICTION**

    1.    This Honorable Court has jurisdiction under 28 U.S.C. sec 1331 and 1391.

    2.    The events occurred in the Judicial District of Puerto Rico and the award requested exceeds $75,000, exclusive of costs and interests.

    3.    This is an action for redress of plaintiff's injuries due to the violation by defendant of Plaintiff Edgardo Luis Vera-Lopez's Rights under the United States Constitution *Due Process Clause;* defendants actions against Plaintiff Edgardo Luis Vera-Lopez's as *Retaliation / Reprisal* against him for filing a charge and claim under the *Equal Employment Opportunity Commission*

---

[1] The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 2

(EEOC), violation by defendant of Plaintiff Edgardo Luis Vera-Lopez's Rights under the United States Constitution *First Amendment Freedom of Speech* and Title VII *Civil Rights Act*, et seq. and other rights under other state and federal laws were and continue to be violated by the individuals co-defendants.

4. It is also an action of torts under the laws of the Commonwealth of Puerto Rico against all defendants under Article 1802, 1803, et al of the Civil Code of Puerto Rico, as amended *Codigo Civil de 2020*[2]. The acts against plaintiff includes intentional *Defamation; Libel and Slander* by defendants. The claims under state laws are included the under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

5. Trial by jury is hereby requested.

**II. PARTIES**

6. Plaintiff Edgardo L. Vera-Lopez, is single, of legal age, under medical treatment, citizen of the United States and resident of Puerto Rico. Plaintiff's physical and postal address is Cond. Caminito, Building # 25, Apt. # 2503, Gurabo, Puerto Rico 00778. He is a forensic science investigator (a scientist) working for the Forensic Science Bureau (*Instituto de Ciencias Forenses de PR*) *at the time of the facts alleged in the* Complaint.

7. Defendant Commonwealth of Puerto Rico was the employer of plaintiff Edgardo Luis Vera-López at the time of the facts alleged in the *Complaint*. It is represented by the Secretary of Justice for the Commonwealth of Puerto Rico.

8. Co-defendant Forensic Science Bureau is an agency of the state government of the

---

[2]The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 3

Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico. It is represented by Dr. Maria Conte, Director (Director) of the Forensic Science Bureau. Co-defendant Dr. Maria Conte as Director of the Forensic Science Bureau illegally and without any cause, ordered and initiated the summary suspension and the stripping of functions of plaintiff plaintiff Edgardo Luis Vera-López on 2022 in reprisal and retaliation for filing a charge before the EEOC and later a complaint.

9. Co-defendant Wanda Candelaria-Arocho was the director of forensic investigations section of the Forensic Science Bureau at the time of the facts alleged in the complaint. Co-defendant Candelaria tried to injure (physically) the plaintiff in her office. She illegally ordered plaintiff's arrest, later she illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau.

10. Co-defendant Wanda Candelaria-Arocho actions against plaintiff caused him damages, including physical damages that required medical treatment. Plaintiff Vera was under medical treatment when defendants illegally acted against him, he was on medical leave for treatment at the time of the due process violations.

11. Co-defendant Dr. Beatriz Zayas was Director (Commissioner) of the Forensic Science Bureau at the time of the facts alleged in the complaint. She illegally, intentionally and with malice, started a campaign of defamation (libel and slander) against plaintiff. She orally and in written communication made false statements that unjustly harms plaintiff's reputation.

12. John Doe and Richard Roe are those persons who are in any way responsible to cause the facts that give reason for this claim. Included are the insurance companies of all the defendants.

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 4

## III.    FACTS

13.    On 2007, plaintiff Edgardo L. Vera-López began working as a Forensic Science Investigator (Scientist) with the Forensic Sciences Institute (*Instituto de Ciencias Forenses*) today the Forensic Science Bureau (*Negociado de Ciencias Forense*).

14.    He became full time regular/permanent employee on 2007.

15.    Plaintiff Edgardo L. Vera-López' performance was outstanding/excellent without any reprimand neither admonishment. His performance was praised and recognized by his supervisors and the Agency with several awards and commendations.

16.    On or around 2017, a serious of adverse personnel action were taken against plaintiff by his next level supervisor Wanda Candelaria-Arocho after he detected breaches in the chain of custody and improper release of criminal evidence (in a murder case). The breaches and illegal handling of evidence and information was directed and provided to defense attorneys and counsels by individuals working at the Forensic Sciences Institute (*Instituto de Ciencias Forenses*).

17.    On April 6, 2017, Plaintiff Edgardo L. Vera-López was a Forensic Crime Scene Investigator (CSI) on duty at the Forensic Science Bureau basement garage area. A piece of evidence was under his custody waiting to be returned to an agent of the Puerto Rico Police (PPR), Homicide Department.  It was vehicle (car) involved in a murder, that plaintiff examined and analyzed for the criminal case.  He set a meeting with the agent of the PPR for the pick-up/return of the evidence.

18.    Plaintiff Edgardo L. Vera-López briefly went to his office (Forensic Science Bureau basement indoor area) for lunch break.  After he finished with my lunch brake plaintiff contacted the security personnel in order to request them to immediately inform him the arrival of a government

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 5

tow truck scheduled for the pick-up of the evidence (car) with agent (PPR) in charge of the investigation. It is the proper agency regulation and the rules of criminal procedures on chain of custody.

19. Plaintiff Edgardo L. Vera-López was surprise, the security officer told him that the car was already picked-up and he could not recalled if it was picked-up by a private tow truck neither who came with the tow truck. No information was recorded, no receipt was prepared, no even any identification information was requested.

20. Plaintiff Edgardo L. Vera-López immediately called the agent and told him that he did not sign the chain of custody documents (Forensic Science Bureau, Form *ICF 0410-INV*) as required by regulation. The agent returned to the Forensic Science Bureau and filled out and signed the paperwork. Later the agent then told plaintiff that no one in the agency asked him anything when he entered the Forensic Science Bureau and picked up the car and left.

21. Plaintiff Edgardo L. Vera-López reported the incident to Wanda Candelaria, Director of Forensic Investigators. She seems surprise with the situation. She asked who was the security officer responsible for the incident and plaintff replied Americo Varcarcel. Americo Varcarcel was a close friend of Wanda Candelaria. After finding out about Varcarcel, Candelaria questioned plaintiff's integrity and implying that he was lying, finally blame him for the incident.

22. The next day plaintiff's immediate supervisor David Betancourt summoned him to Wanda Candelaria's office.

23. He was summoned to the office of co-defendant Wanda Candelaria-Arocho who was the director of forensic investigations section of the Forensic Science Bureau, his next level

supervisor. In front of plaintiff's supervisor, she started yelling and threatening plaintiff; she illegally ordered plaintiff's arrest, later she illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau. All employees were armed during the incident at co-defendant's office.

24.     Wanda Candelaria reacted in a very aggressive manner toward him; including yelling at him, hitting her desk with both hands, pointing at his face with her hands, etc.  Due to Canderaria's aggressive and irrational behavior, for plaintiff's protection, he was removed from her office by Betancourt. Wanda Candelaria was carrying a firearm at the time; an automatic pistol Glock 40. Plaintiff felt threaten and thought at his life was in danger.

25.     After plaintiff was moved out of Wanda Candelaria's office, she started to yell and to scream at closed door to David Betancourt.  Ms. Candelaria left the office and plaintiff with his co-workers walked to the elevator. They were waiting at the elevator entrance when Wanda Candelaria approached them and tried to hit the plaintiff with her fist.  She was detained by Gisel Rivera, another forensic investigator.

26.     The situation escalade after plaintiff Edgardo L. Vera-López was a key witness and testified in the investigation on the wrongful management of the cadavers in the Forensic Science Bureau after Hurricane Maria.

27.     Co-defendant Monica Menendez was Deputy Director(Deputy Commissioner) of the Forensic Science Bureau, she illegally and without any cause, dismissed (terminated/fired) plaintiff from his job at the Forensic Science Bureau.

28.     Co-defendant Hector Figueroa was an special aid to Monica Menendez, Deputy

COMPLAINT
CIVIL NO. 25-1304 (    )
Page 7

Director (Deputy Commissioner), he illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau.

29. On February 2019, Plaintiff Edgardo L. Vera-López was referred to La Oficina del Contralor, La Oficina de Etica Gubernamental and the Commonwealth of Puerto Rico, Justice Department (Prosecutor Zumaeta) for criminal investigations & prosecution. Alice Morales of the Departamento de Seguridad Publica of Puerto Rico (DSP) also requested the Forensic Science Bureau to reopen the investigation initiated on 2018. Plaintiff Edgardo L. Vera-López saw the related referral documents in the then Commissioner's Office (Dr. Luz Silva), who showed him the documents.

30. Plaintiff testified in criminal investigations before the Puerto Rico Department of Justice and in a legislative inquiry (private) before the Puerto Rico House of Representative.

31. A change of leadership occurred at the Forensic Science Bureau. The dismissal of plaintiff was reversed without any explanation.

32. Dr German [Carlos] Chavez was Director (Commissioner) of the Forensic Science Bureau, he illegally and without any cause, ordered and initiated a second criminal investigation against plaintiff at the Forensic Science Bureau.

33. A third change of leadership occurred at the Forensic Science Bureau.

34. Plaintiff Edgardo L. Vera-López even testified in a public hearing (public) before the Puerto Rico House of Representative after he was summoned. The local, national and international news covered his testimony.

35. Co-defendant Dr. Beatriz Zayas was Director (Commissioner) of the Forensic

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 8

Science Bureau, she illegally, intentionally and with malice, started a campaign of defamation (libel and slander) against plaintiff. She orally and in written communication made false statements that unjustly harms plaintiff's reputation. Co-defendant Zayas even conducted a press conference to defame plaintiff publicly. Later she wrote several press releases defaming plaintiff again.

36. Co-defendant Beatriz Zayaz defamed plaintiff publicly; she said in a radio program that "*Hay unos empleados internos... Sr. Carlos Velez y Sr. Edgardo Vera... ellos son informantes internos y cooperan llevando información que es atractiva para llamar la atención de ciencias forenses ... estan utilizando a a ciencias forenses para llamar la atencion con una agenda politica, clara y definida...*". Co-defendant Beatriz Zayaz said that plaintiff had an agenda against her, politically motivated and clearly implying that he sneaked information (confidential and illegal) of the agency to the public to harm her politically. As an investigative branch of the criminal legal system of Puerto Rico, the Forensic Science Bureau procedures and investigations are confidential and cannot be disclosed to the public by law. As a government employee, Plaintiff cannot be providing information or releasing information of the Forensic Science Bureau procedures and investigations to the public for political purpose, much less be involved in political campaigns nor political "*agendas*". Co-defendant Beatriz Zayaz provided false information against plaintiff Edgardo L. Vera-López, clearly implying and implicating him in serious violation of criminal, ethical, and civil laws.

37. Including is a link of one of the occasions that plaintiff's honor and reputation suffered defamation publicly by co-defendant Beatriz Zayaz, via internet, video and Radio WKAQ 580 on *WKAQ Temprano en la Mañana - Beatriz Zayas*, September 9, 2019. The link is:

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 9

https://www.facebook.com/wkaq580/videos/927386674294599/.

38. A certified transcript of the video and radio communication is included (**Exhibit I**).[3]

39. Almost immediately the Governor of Puerto Rico dismissed co-defendant Dr. Beatriz Zayas a Director (Commissioner) of the Forensic Science Bureau.

40. The major wrongful actions against Plaintiff Edgardo L. Vera-López includes civil rights violations, threat of physical injuries, retaliations, reprisals, adverse personnel actions (including dismissal procedures), libel and slander. He was not authorized sick leave and even questioned once when he provided medical evidence of his medical condition. Co-defendants referred him in multiple occasions to multiple agencies for all type of criminal investigations; Oficina de Etica Gubernamental, Oficina del Contralor, Departmento de Justicia, Negociado de Investigaciones Especiales, etc. He was interviewed, interrogated and finally acquitted at the end.

41. Plaintiff requested a copy of his personnel record at the Forensic Science Bureau. It was released after several months; none of the several criminal and administrative investigations against him were found.

42. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on August 1, 2019. The Notice of Right to Sue was received on January 23, 2020.

43. Plaintiff filed a *Complaint* before the US District Court for the District of PR on April 22, 2020, *Vera-Lopez v. Commonwealth of Puerto Rico et al., Civil No. 20-cv-01186 (PAD)*. Plaintiff filed leave for voluntary dismissal without prejudice, the Court granted it and *Judgment* was entered accordingly on April 11, 2022.

---

[3] Transcript of Radio WKAQ 580 on *WKAQ Temprano en la Mañana - Beatriz Zayas*, September 9, 2019. **Exhibit I**

44. Another criminal investigation based on false testimony was initiated and instigated intentionally by defendants on 2022. Plaintiff's under state and federal laws were and continue to be violated by the individuals co-defendants, who committed several illegal actions or acts initiating and instigating illegal investigations and actions without any reason against plaintiff.

45. On Friday, April 22, 2022, defendants Forensic Science Bureau, Dr. Maria Conte and Jose Luis Jimenez Domenech, Human Resources Director filed a twenty eight (28) pages Memorandum and sent a copy of it to plaintiff via e-mail after close of business (around 5:00 pm). Plaintiff left his work area at 4:30 pm after the completion of his shift.

46. Plaintiff Edgardo L. Vera-López was harassed and discriminated due to his medical condition on May and June 2020. At the end on June 2020, he was forced to attend a psychological evaluation illegally. The last time that he was forced to attend a psychological evaluation illegally was on January 2022.

47. It is the fifth illegal personnel action against the Plaintiff, the second summary suspension and stripping of functions of plaintiff Edgardo Luis Vera-López. co-defendant Dr. Maria Conte as Director (Commissioner) of the Forensic Science Bureau illegally and without any cause, ordered and initiated the summary suspension and the stripping of functions of plaintiff plaintiff Edgardo Luis Vera-López on 2022 in reprisal and retaliation. The alleged cause is *Presunción de Incapacidad* (*Presume Disability*). The grounds are they alleged that plaintiff is a law enforcement agent not a scientist (expert witness).

48. Plaintiff Edgardo Luis Vera-López was hired as a Forensic Science Investigator (Scientist) with the Forensic Sciences Institute (*Instituto de Ciencias Forenses*) today the Forensic

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 11

Science Bureau (*Negociado de Ciencias Forense*) as a scientist as describe in his job description *OP-16 Form* and per the description of his duties and responsibilities, He was never required to carry firearms.

49.  On Monday, April 25, 2022, Plaintiff went to his worked area. Mr. Jose Luis Jimenez Domenech, Human Resources Director and Mr. Felix Coto, Security Supervisor visited plaintiff's work area and told him that he had to leave immediately. Plaintiff called the Union Representative (Mr. Carlos Velez-Miranda, President) and while he was on speaker phone, Plaintiff asked if he was suspended. Mr. Jose Luis Jimenez-Domenech replied that he was not suspended. Plaintiff asked if he was fired or dismissed. Mr. Jose Luis Jimenez-Domenech replied that he was not was fired nor dismissed. Finally, Plaintiff asked if his salary was suspended. Mr. Jose Luis Jimenez-Domenech replied that he his salary was not suspended. Then plaintiff was escorted outside the building, before all the employees and coworkers present and along the exiting route.

50.  On December 14, 2023, Plaintiff Edgardo L. Vera-López received via e-mail a 28 pages document titled "*Presuncion de Incapacidad y Destitucion*" (Presumption of Incapacity and Dismissal) containing the *Decision* dated December 13, 2023. It was issued and signed by co-defendant Dr. Maria Conte as Director (Commissioner) of the *Forensic Science Bureau*. Plaintiff Edgardo Luis Vera-López was hired on June 2007 as a Forensic Science Investigator (Scientist) with the *Forensic Sciences Institute* (Instituto de Ciencias Forenses), today the *Forensic Science Bureau* (Negociado de Ciencias Forense). Copy of the *Decision* of the Presumption of Incapacity and Dismissal dated December 13, 2023[4] is included as **Exhibit II.**  As a scientist, he is not required to

---

[4] ***Decision*** on *Presuncion de Incapacidad y Destitucion* dated December 13, 2023 (**Exhibit II**)

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 12

carry a handgun or any other weapon as describe in his job description *OP-16 Form* and per the description of his duties and responsibilities, He was never required to carry arms.

51.     It is the sixth illegal personnel action against the Plaintiff, the dismissal and stripping of his appointment as government official of plaintiff Edgardo L. Vera-López. Co-defendant Dr. Maria Conte as Director (Commissioner) of the Forensic Science Bureau illegally and without any cause, ordered and initiated the summary suspension and the stripping of functions of plaintiff plaintiff Edgardo L. Vera-López on 2022 in reprisal and retaliation. The alleged cause is *Presunción de Incapacidad* (*Presume Disability*). The grounds are they alleged that plaintiff is a law enforcement agent not a scientist (expert witness). It is contrary to the Department of Justice characterization of him as an *expert witness* and certified to the State Court at criminal cases trials. See paragraphs 13 to 15 of the *Complaint*. He received an excellent evaluation for his job as an expert witness in compliance with his duty and responsibilities of the Forensic Sciences Institute (*Instituto de Ciencias Forenses*), see **Exhibit III**[5]

52.     Around January 30, 2023, Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico contacted defendant Forensic Science Bureau to interview and subpoena Plaintiff to testify in a criminal case that he investigated. Intentionally, no information was provided to the Prosecutor by the defendants as to the location, addresses, e-mails or contact phone numbers of the Plaintiff. Defendants informed that plaintiff was suspended but failed to provide any document.

53.      Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico then contacted plaintiff's counsel and was provided with the Plaintiff contact information.

---

[5]Expert witness evaluation September 12, 2023 Exhibit III.

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 13

54. Plaintiff contacted the prosecutor and discussed the plaintiff's participation and tests in the evidence of criminal case, a multiple murder case (three deaths) with multiples co-defendants. Plaintiff was asked about his legal labor status in the agency and he replied that he was suspended verbally but no document was provided to him to support it.

55. The prosecutor explained that she had the duty as prosecutor in a criminal case of the labor status of an expert witness in the case. The prosecutor informed that she will subpoena the labor record of the plaintiff before the criminal trial in compliance with the Rules of Criminal Procedures of PR. She also informed the Plaintiff that he will be testifying about his legal labor status at trial.

56. Plaintiff Edgardo L. Vera-López made himself available to testify in compliance with his duty and responsibilities and informed it to Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico.

57. On September 12, 2023, plaintiff Edgardo L. Vera-López testified in a complex criminal case [three (3) deaths - massacre] against several defendants in the Commonwealth of Puerto Rico, Superior Court. He was praised for excellent job by Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico.

58. He received an excellent evaluation for his job as an expert witness in compliance with his duty and responsibilities of the Forensic Sciences Institute (*Instituto de Ciencias Forenses*), Forensic Sciences Institute (*Instituto de Ciencias Forenses*), see **Exhibit III**[6]. He received a commendation for his job as an expert witness in compliance with his duty and responsibilities of

---

[6] Forensic Sciences Institute (*Instituto de Ciencias Forenses*), see **Exhibit III**

the Forensic Sciences Institute (*Instituto de Ciencias Forenses*) by Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico.

59.     Plaintiff filed second *Complaint* before the US District Court for the District of PR on April 9, 2023, *Vera-Lopez v. Commonwealth of Puerto Rico et al., Civil No. 23-1168 (RAM)*, after motion to dismissed the Court issued a Judgment; "*Judgment is entered DISMISSING this action WITH PREJUDICE as to the malicious prosecution, ADA, Title VII, and section 1983 and 1985 claims and DISMISSING this action WITHOUT PREJUDICE as to the Due Process claims and the supplemental claims under Puerto Rico* " entered on August 26, 2024.

## IV.     DAMAGES

Defendants are jointly responsible for all the damages suffered by the plaintiffs.

60.     Plaintiff Edgardo Luis Vera-López rights were violated due to his response to illegal acts within his agency and his testimony before the investigative agencies (Executive Branch) and the Legislature (Legislative Branch), in violation of the whistler blower act of the Commonwealth of PR (State Law). Damages estimated on $500,000.00.

61.     Plaintiff Edgardo Luis Vera-López, was humiliated, discriminated, harassed, persecuted and his due process rights, rights under the provisions of the property interest (job - employment in the Government of PR) under the *US Constitution Due Process Clause*, damages estimated on $500,000.00.

62.     Plaintiff Edgardo L. Vera-López, was a victim of *Defamation (libel and slander)* by co-defendant Dr. Beatriz Zayaz, he suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation, damages estimated on $1,000,000.00.

COMPLAINT
CIVIL NO. 25-1304 (   )
Page 15

63. Plaintiff Edgardo L. Vera-López was dismissed (first time) contrary to state law and in violation of the *US Constitutional Due Process Clause*; he suffered damages estimated on $1,000,000.00.

64. Plaintiff Edgardo L. Vera-López was constructive dismissed, summary suspended and the stripped of functions (second time) in reprisal and retaliation. It was contrary to state law and in violation of the *US Constitutional Due Process Clause*; he suffered damages estimated on $1,000,000.00.

65. Plaintiff Edgardo L. Vera-López, was humiliated, discriminated, harassed, persecuted after he filed a charge under the provisions of the EEOC and later filing a Complaint. Defendants illegal acts are in *Retaliation and as Reprisal*, includes allegations of *Presunción de Incapacidad* (*Presume Disability*). Damages estimated on $1,000,000.00.

66. On December 14, 2023, Plaintiff Edgardo L. Vera-López was illegally dismissed in *Retaliation and as Reprisal* for his filing of charges before the EEOC, for testifying about the handling of human bodies (cadavers) at the Agency, etc. after exercising his Rights under the *United States Constitution First Amendment Freedom of Speech*. Damages estimated on $1,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less that six millions dollars ($6,000,000.00) for the damages suffered by them because of defendants combined violations of rights, intentional acts and negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

**COMPLAINT**
**CIVIL NO. 25-1304 (   )**
**Page 16**

In Ponce, Puerto Rico this 6th day of June of 2024.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF System in US District Court and the CM/ECF System will send electronically notification of the filing to:

        **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
        Juan R. Rodríguez
        PO Box 7693
        Ponce, Puerto Rico 00732-7693
        Tel (787) 843-2828 / 843-2900 Tel/Fax (787)284-1267
        Email: **juan_r_rodriguez00732@hotmail.com**
                **juan.r.rodriguez00732@gmail.com**

By:   *S/Juan R. Rodríguez*
        **JUAN R. RODRIGUEZ**
        **USDC-PR 214410**